IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,

        Plaintiff,

v.                                   Case No. 11-2686-JTM

TIME WARNER CABLE INC., et al.,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on defendants' Motion to Transfer (Dkt. 39). Having considered the briefs and the evidence submitted with them, the court denies the defendants' motion to transfer this case to the U.S. District Court for the District of Delaware. As a result, the court also denies defendants' Motion to Sever & Stay (Dkt. 49) as moot.

I. Factual Background

Plaintiff Sprint Communications Company L.P. ("Sprint") is a telecommunications company headquartered in Overland Park, Kansas. It owns a number of patents for VoP technology that are the subject of this lawsuit and two others in the District of Kansas, *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC, et al*, No. 11-2684-KHV and *Sprint Commc'ns Co. L.P. v. Cable One, Inc., et al*, No. 11-2685-RDR. The defendants are also telecommunications companies that provide telephone services in Kansas. Although most of the defendants are registered Delaware corporations, Time Warner Entertainment-Advance/Newhouse Partnership is a partnership organized under the laws of the State of New York, with its principal place of business in New

York City. The defendants in all three cases are otherwise headquartered, respectively, in the states of Arizona (Cable One), Pennsylvania (Comcast), and New York (Time Warner).

Previously, Sprint litigated several of the asserted patents for Voice-over-Packet technology ("VoP") in this district. First, in 2007, this district presided over the case *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, *et al*, No. 05-2433-JWL, in which Judge Lungstrum conducted a *Markman* hearing, construed patent claims, ruled on summary judgment motions, and held a two-week jury trial. Sprint subsequently litigated its VoP patents in *Sprint Commc'ns Co. L.P. v. Big River Tel. Co., LLC*, No. 08-2046-JWL, in which Judge Lungstrum presided.

Sprint filed the present VoP actions on December 19, 2011, once again choosing the District of Kansas as its forum. Sprint previously moved to consolidate all of these VoP cases in Kansas for pre-trial purposes, and the defendants did not object.

In April, 2011 a defendant in a fourth related case, Cox Communications, Inc., moved to dismiss for lack of personal jurisdiction and further moved to transfer Sprint's suit against it and other Cox entities to the District of Delaware. Concurrently, Cox filed a declaratory judgment suit in Delaware seeking to invalidate the same patents asserted by Sprint here and asserting infringement of two unrelated patents. In Delaware, Sprint moved to sever the declaratory judgment claims and transfer the case to Kansas, pursuant to the first-to-file rule and § 1404(a); to the best of this court's knowledge, this motion is still pending. Sprint also brought patent infringement counterclaims for seven

2

unrelated patents in Delaware. On September 14, 2012, Judge Robinson granted transfer of Sprint's case against the Cox entities to the District of Delaware.

II. Legal Standard – Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Where an action might have been brought" includes only those districts where the plaintiff "had a right to bring the suit originally." *Morris by Rector v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985).

In deciding a motion to transfer in the Tenth Circuit, the court is to weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Sprint Communications, L.P. v. Cox Communications, Inc.*, 2012 WL 4061509, at *13 (D. Kan. Sept. 14, 2012) (citations omitted). "[U]nless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The burden of proving that the existing forum is inconvenient lies with the moving party. *Sprint*, 2012 WL 4061509, at *13. "Merely shifting the inconvenience from one side to the other, however, obviously is not a

permissible justification for a change of venue." *Id.* (quoting *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010)).

III. Analysis

The parties dispute whether this action could have been brought in the District of Delaware because of a question regarding that district's personal jurisdiction over defendant Time Warner Entertainment-Advance/Newhouse Partnership. As a result of this dispute, the defendants have filed a Motion to Sever and Stay (Dkt. 49) the proceedings relating to that defendant. Granting this would allow the court to transfer the case if it would otherwise be appropriate. The court first analyzes whether the factors weigh in favor of transfer. The court finds that they do not. As a result, the court need not address whether the case could have been brought in Delaware, and the Motion to Sever is denied as moot.

A. Plaintiff's Choice of Forum

Sprint chose to litigate these cases in Kansas for a reason. Sprint resides in Kansas, conducts business here, and has previously sought to exercise its patent rights in this district. The facts giving rise to this patent lawsuit are related to Kansas. Sprint alleges that the defendants make, use, offer to sell, and sell products and services in Kansas that infringe Sprint's patents. Accordingly, the court finds that Sprint's choice of forum in Kansas should not be disturbed unless the balance of the remaining factors is strongly in favor of transfer. *See Scheidt*, 956 F.2d at 965.

B. Accessibility of Witnesses and Sources of Proof

In considering accessibility, convenience of witnesses is the most important factor in deciding a motion under § 1404(a). *Sprint*, 2012 WL 4061509, at *14. Ease of access to documents is not usually as important in patent infringement cases. *Id.* (internal quotes and citation omitted). To show inconvenience for witnesses, the movant must: (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169.

Sprint has submitted evidence of its anticipated witnesses. Most of these witnesses are located in the Kansas City metropolitan area, and all of them are much closer to Kansas City, Kansas (the designated place of trial) than Wilmington, Delaware. Sprint has also submitted evidence that its documents related to the asserted patents are located in Overland Park, Kansas.

The defendants provide evidence that their likely witnesses come from around the country, but most are closer to Delaware than Kansas. Time Warner's likely witnesses will come from either New York City or Herndon, Virginia, each city being just beyond 100 miles from the courthouse in Delaware and much farther from Kansas City. Comcast's likely witnesses will come from Philadelphia, which is approximately 30 miles from the federal courthouse in Delaware. Cable One's likely witnesses will come from Phoenix, which is closer to Kansas City. But none of the defendants submitted any evidence about the potential witnesses who will be required to testify in

this matter, whether they are subject to compulsory process, or whether their deposition testimony will be adequate. *See Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. Conclusory assertions are insufficient. *Id.* Neither party submitted any evidence about the cost of proof, although it is clear that it would be less costly for Sprint to litigate this matter in Kansas because of the numerous witnesses located here.

Each case involves different defendants, so witnesses for each defendant would potentially have to travel to Kansas only for the single trial involving the defendant they are testifying for. However, Sprint is the plaintiff in all of these cases, so their witnesses will presumably be involved in every case. Requiring four separate trips to Delaware for Sprint's witnesses would be much more inconvenient than the burden placed on the defendants' witnesses if the transfer is denied.

Following Judge Robinson's order in *Sprint*, the court finds that these factors weigh against transfer. *See* 2012 WL 4061509, at *15. However, the court notes that some of the witnesses Sprint has identified are Sprint employees rather than third-party witnesses, and Sprint has not established the "quality or materiality" of their anticipated testimony. *See Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. Accordingly, the court does not find that this factor weighs strongly against transfer.

C. Enforceability of Judgment

There is no dispute as to whether this court can enforce a judgment against the defendants. Because Kansas can enforce a judgment against all the defendants, this factor weighs against transfer. *See Sprint*, 2012 WL 4061509, at *15 (holding that this factor weighs strongly in favor of the case being decided by a court with the power to

6

enforce a judgment against all parties). This factor does not weigh strongly against transfer because the court has the option of severing and staying the claim that might present an obstacle to enforcing a judgment from Delaware.

D. Difficulties that May Arise from Congestion

In considering this factor, "the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (citations omitted). According to the most recently available statistics, Kansas has a much less congested docket than Delaware.[1] However, this does not provide any insight into how quickly patent cases proceed to trial in either district. Defendant Comcast recently obtained a trial date in Delaware in a patent infringement case against Sprint approximately twenty-three months after the Rule 16(b) scheduling conference. This is comparable to the twenty-one month pending period in this district in the case of *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, No. 05-2433. Given these similarities between the two district courts in the pace of patent cases, the court finds that this factor is neutral.

E. Conflict of Laws and Questions of Local Law

The parties do not allege any issues that might implicate conflict of laws or facts that would make it advantageous for this court to determine questions of local law. This

---

[1] Delaware had the third highest number of average weighted filings per judge of any district in the U.S. with 832 filings in the most recent report; Kansas had less than half that number at 402 filings. *See* Administrative Office of the United States Court, Federal Court Management Statistics, *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/DistrictCourtsDec2011.aspx.

court finds no obstacle to a fair trial in either venue. Accordingly, these factors are neutral, and the court must next consider issues of judicial economy.

F. Judicial Economy and Other Practical Considerations

The defendants argue that this case should be transferred to Delaware, where this district has already transferred Sprint's case against the Cox entities on the same issues. The defendants argue that the judicial economy of litigating these cases in the same district outweighs all other factors that weigh against transfer. Sprint argues that this court has familiarity with the patents and technology at issue in this case, so keeping the cases in Kansas has its own efficiency advantage. It is true that Judge Lungstrum has presided over two similar cases in this district. Although the defendants argue that Judge Lungstrum is not currently presiding over any of the current cases, the court has before it a motion to consolidate all of the cases, and Judge Lungstrum could be available to preside over the consolidated case if the motion is granted.

The court certainly has an interest in avoiding duplicative litigation in this case. However, even if severing one of the claims is unnecessary in order to properly transfer the cases, this interest does not strongly weigh in favor of transfer. This is because there are compelling judicial economy interests for either venue.

When this court decided to transfer Sprint's case against Cox to Delaware, it decided that "the court's interest in avoiding duplicative and piecemeal litigation strongly favor[ed] transfer." *Sprint*, 2012 WL 4061509, at *16. This implies that the sacrifice in judicial economy made by splitting the Sprint cases between Delaware and Kansas was offset and outweighed by gains in judicial economy made by transferring

8

the case. The gains in judicial economy in that case were that Delaware was the only forum that had jurisdiction over all of the Cox defendants. *Id.* at *15–16.

Kansas has jurisdiction over all of the defendants and important experience with the issues in this case. Even assuming that Delaware also has jurisdiction over all parties involved, this gives it no advantage over Kansas. Additionally, litigation in multiple districts would not result in inconsistent adjudications of the same patents, because all of these cases would be heard by the Federal Circuit on appeal. *See id.* at 15. As a result, the court finds that the judicial economy factor is neutral in this case.

In sum the court finds that the balance of convenience factors do not strongly favor defendants' request for transfer of this matter to Delaware such that Sprint's choice of forum in Kansas may be properly disturbed. The court declines to transfer the matter under 28 U.S.C. § 1404(a).

IV. Conclusion

The court finds that the defendants have not met the burden of showing that the factors weigh "strongly in favor" of a transfer. The court need not consider whether Delaware would have jurisdiction over all the defendants. The defendants' motion to transfer is denied. Accordingly, the defendants' motion to sever is denied as moot.

IT IS THEREFORE ORDERED this 18th day of January, 2013, that the defendants' motion to transfer (Dkt. 39) is denied, and the defendants' motion to sever and stay (Dkt. 49) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
