IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P., )
)
                Plaintiff, )
)
v. )   Case No. 11-2686-JWL
)
TIME WARNER CABLE, INC., et al., )
)
                Defendants. )

# ORDER

Sprint Communications Company, L.P., contends that defendants are infringing twelve patents related to broadband and packet-based telephony products. Sprint has filed a motion for leave to file an amended complaint that would add a willful infringement claim against defendant Time Warner Cable, Inc. **(ECF doc. 68)**. Because the court finds good cause for the late amendment, the motion is granted.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates that the court "should freely give leave when justice so requires."[1] When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[2] Rule 16(b)(4) provides

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling

that a scheduling order may be modified "only for good cause." Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more liberal Rule 15(a) standard has been satisfied.[3] In this case, the scheduling order, as amended, set a deadline of June 17, 2013, for amending the pleadings. Because Sprint did not file the instant motion until October 24, 2013, the court will follow the two-step approach.

To establish good cause under Rule 16(b)(4), Sprint must show that it could not have met the scheduling-order deadline for amending its complaint even if it had acted with due diligence.[4] As earlier indicated, Sprint seeks to add a claim that Time Warner willfully infringed certain of the asserted patents. The proposed claim is premised on Time Warner's admission that it learned in July 2007 that Sprint asserted those patents in earlier litigation against Vonage Holdings Corporation.[5]

In a June 12, 2013 interrogatory response (five days before the deadline to seek to amend pleadings), Time Warner stated that it "was aware of the complaint in [*Vonage*], but

---

orders." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

[3]*See, e.g.*, *Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.,* No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[4]*Miller*, 2008 WL 4271906, at *2; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[5]*See Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-cv-2433 (D. Kan.).

not any specific patents, in July 2007."[6] Time Warner further stated that it became aware of the asserted patents on or about the date that Sprint filed its complaint in this case.[7] Thus, Time Warner's stated position at the time that the deadline for amending pleadings passed was that it had no pre-suit knowledge of Sprint's asserted patents.

In a July 1, 2013 letter, Sprint asked Time Warner to confirm its position that it was not aware of the asserted patents before this lawsuit was filed.[8] Time Warner responded by letter dated July 11, 2013, that it would supplement its interrogatory response.[9] On September 16, 2013, Sprint sent an email to Time Warner, noting that Time Warner had not yet supplemented as promised.[10] On October 9, 2013, Time Warner supplemented its response to the interrogatory, stating that Time Warner "first learned that Sprint claimed to have patents with the patent numbers that it asserted in the prior Vonage litigation in or about July, 2007."[11] Sprint then filed its motion for leave to file an amended complaint adding the willful infringement claim on October 24, 2013.

Sprint has demonstrated good cause for amending the scheduling-order deadline for

---

[6]ECF doc. 68-2 at 12.

[7]*Id.*

[8]ECF doc. 69-3.

[9]ECF doc. 69-4 at 5.

[10]ECF doc. 69-5. Time Warner supplemented responses to other interrogatories on August 23, 2013, but not to the interrogatory relevant here.

[11]ECF doc. 68-4 at 18.

the filing of an amended pleading. When "the factual basis giving rise to a claim . . . arguably did not arise until after the scheduling order deadline, [the movant] has shown good cause to amend the complaint in this regard."[12] Prior to the deadline for Sprint to amend its complaint, Time Warner directly denied having pre-suit knowledge of Sprint's asserted patents. Sprint diligently worked to get Time Warner to confirm or clarify Time Warner's position. Time Warner continuously promised to supplement its interrogatory response addressing this issue, and Sprint was reasonable in awaiting Time Warner's supplementation. It is disingenuous for Time Warner to change its position as to when it obtained knowledge of the asserted patents, but then to object to Sprint's attempt to amend the complaint based on the changed position.

Time Warner makes much of the fact that on October 2, 2013, Sprint circulated a proposed amended complaint, substantially similar to the one attached to the instant motion, containing a willful infringement claim. The October 2, 2013 proposed amended complaint obviously was not based on Time Warner's October 9, 2013 interrogatory supplement admitting pre-suit knowledge of the patents. Thus, Time Warner argues, Sprint had all of the information necessary to seek amendment before the date of the scheduling-order deadline for so doing. Although this argument is appealing on its face, it ignores the behind-the-scenes realities in this case. As discussed above, it was not until after the scheduling-order

---

[12]*Monge v. St. Francis Health Center, Inc.*, No. 12-2269, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013).

deadline passed that Time Warner agreed to supplement its interrogatory response, signaling the potential that it would amend or reverse its stated position on pre-suit knowledge. Although one might argue that Sprint should have sought leave to make its requested amendment upon Time Warner's agreement to supplement, the court ultimately concludes that Sprint was reasonable in awaiting Time Warner's promised supplemental interrogatory response confirming Time Warner's changed position, before actually filing Sprint's motion for leave to amend.

Finding that Sprint has provided an "adequate explanation for any delay,"[13] the court holds that Rule 16(b)(4)'s "good cause" standard has been satisfied. Thus, the court now considers whether Sprint has also satisfied the Rule 15(a) standard for amendment of pleadings. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. "The court must be 'mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities.'"[14] Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[15] Time Warner argues that leave to amend should be denied

---

[13]*Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, Nos. 09-2554, 09-2466, 2011 WL 1769088, at *5 (D. Kan. May 9, 2011).

[14]*Monge v. St. Francis Health Ctr., Inc.*, No. 12-2269, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[15]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

because the proposed amendment would prejudice Time Warner and also be futile.

The most important fact in deciding a motion to amend is whether the amendment would unduly prejudice the nonmoving party.[16] Typically, an amendment is prejudicial only if it "unfairly affects" defendant in terms of preparing a defense to the amendment.[17] This most often occurs when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[18] The willful infringement claim Sprint proposes to add relates to the same subject matter set forth in Sprint's original complaint, namely, infringement of certain asserted patents. Although it is true, as Time Warner points out, that a willfulness claim will require Time Warner to investigate and pursue discovery into whether Time Warner knew of the patents-in-suit and either knew or should have known that it was infringing, there is plenty of time for such investigation and discovery. Discovery is not scheduled to end until July 25, 2014, and currently pending before the court is defendants' motion to extend all scheduling order deadlines by six months. At this point, no party depositions have been noticed or taken. Given the stage of this case, Time Warner would not be unfairly affected by the proposed amendment.

Next, Time Warner argues that the amendment would be futile because Sprint's

---

[16]*Minter*, 451 F.3d at 1208.

[17]*Id.* (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

[18]*Id.* (comparing cases).

proposed willful infringement claim could not survive a motion to dismiss. "A proposed amendment is futile if the amended complaint would be subject to dismissal."[19] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[20] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines that plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[21] "The party opposing the proposed amendment bears the burden of establishing its futility."[22]

Time Warner argues that Sprint's proposed amended complaint fails to plead facts showing that Time Warner acted despite an objectively high risk, of which Time Warner knew or should have known, that its actions constituted infringement. Sprint responds that its allegations stating (1) that Time Warner knew of or was willfully blind to the asserted patents due to its knowledge of the *Vonage* litigation and (2) that Time Warner had long provided VoIP services, were sufficient to meet the pleading requirements. The undersigned

---

[19]*Little v. Portfolio Recovery Assocs., LLC*, __ F. App'x __, 2013 WL 6153579, at *1 (10th Cir. Nov. 25, 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[20]*See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[21]*Little*, 2013 WL 6153579, at *1.

[22]*Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

U.S. Magistrate Judge, James P. O'Hara, cannot say that Sprint's proposed willful infringement claim could not withstand a motion to dismiss. At this relatively early stage in the case, the undersigned concludes the better course is to permit the amended complaint and allow the presiding U.S. District Judge, John W. Lungstrum, to address the legal sufficiency of the claim on a properly filed motion to dismiss.[23]

The court concludes that both Rule 16(b)(4) and Rule 15(a) have been satisfied. It is therefore ordered that Sprint's motion for leave to file an amended complaint is granted. Sprint shall file its amended complaint as a separate docket entry by **December 20, 2013**.

IT IS SO ORDERED.

Dated December 16, 2013, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                             James P. O'Hara
                                             U.S. Magistrate Judge

---

[23] *See Monge*, 2013 WL 328957, at *3.