UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,

Plaintiff,

v. Case No. 11-2686-JWL

TIME WARNER CABLE, INC., et al.,

Defendants.

**PRETRIAL ORDER**

Pursuant to Fed. R. Civ. P. 16, a pretrial conference was conducted in this case on July 16, 2015 by U.S. Magistrate Judge James P. O'Hara. The plaintiff, Sprint Communications Company L.P. ("Sprint"), appeared through counsel, B. Trent Webb, Peter E. Strand, Robert H. Reckers, Ryan J. Schletzbaum, and Ryan D. Dykal. The defendants, Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, L.P., Time Warner Entertainment-Advance/Newhouse Partnership, TWC Communications, LLC, Time Warner Cable Information Services (Kansas), LLC (collectively, "Time Warner Cable"), appeared through counsel, Lawrence J. Gotts, John T. Ryan, Stephanie N. Grace, and Terrence J. Campbell.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(c).

**1. PRELIMINARY MATTERS.**

**a. Subject Matter Jurisdiction.** Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331 & 1338(a), and is not disputed.

**b. Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed.

**c. Venue.** Venue in this case was previously disputed, but the court found that venue properly rests with this forum. *See* D.I. 39.

**d. Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that the parties' claims and defenses are governed by federal law, including 35 U.S.C. § 1 et seq.

**2. STIPULATIONS.**

**a.** The following facts are stipulated:

(1) Plaintiff Sprint Communications Company L.P. ("Sprint") is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Parkway, Overland Park, Kansas 66251.

(2) Defendant Time Warner Cable Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(3) Defendant Time Warner Cable LLC was a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(4) Defendant Time Warner Entertainment Company, L.P. was a limited partnership registered to do business in the state of Kansas and organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(5) Defendant Time Warner Entertainment-Advance/Newhouse Partnership is a partnership registered to do business in the State of Kansas and organized under the laws of the State of New York with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(6) Defendant TWC Communications, LLC is a limited liability company registered to do business in the State of Kansas and organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(7) Defendant Time Warner Cable Information Services (Kansas), LLC is a limited liability company registered to do business in the State of Kansas and organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023.

(8) Time Warner Cable Inc. is the direct or indirect parent of each of Time Warner Entertainment-Advance/Newhouse Partnership, TWC Communications, LLC and Time Warner Cable Information Services (Kansas), LLC (as earlier indicated, collectively, “Time Warner Cable”). Time Warner Cable owns and operates cable systems throughout the United States and in the State of Kansas through one or more of its subsidiaries, affiliates, partners, or other related parties, including but not limited to

Time Warner Cable Inc., Time Warner Entertainment-Advance/Newhouse Partnership, TWC Communications, LLC, and Time Warner Cable Information Services (Kansas), LLC.

(9) On January 29, 2002, United States Patent No. 6,343,084 ("the '084 Patent") entitled "Broadband Telecommunications System" was issued by the U.S. Patent and Trademark Office ("U.S.P.T.O.") to Sprint with Joseph Michael Christie ("Christie") listed as inventor.

(10) The '084 Patent expired on May 5, 2014.

(11) The '084 Patent issued from U.S. Application No. 09/439,033 ("the '033 Application"), filed on November 12, 1999. The '033 Application is a continuation of U.S. Application No. 08/525,897 ("the '897 Application"), filed on September 8, 1995.

(12) On October 14, 2003, United States Patent No. 6,633,561 ("the '3'561 Patent") entitled "Method, System and Apparatus for Telecommunications Control" was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(13) The '3,561 Patent expired on May 5, 2014.

(14) The '3,561 Patent issued from U.S. Application No. 10/002,850 ("the '850 Application"), filed on November 14, 2001. The '850 Application is a continuation of U.S. Application No. 09/082,040, which is a continuation of U.S. Application No. 08/568,551, which is a continuation of the '605 Application, filed on May 5, 1994.

(15) On October 8, 2002, United States Patent No. 6,463,052 ("the '052 Patent") entitled "Method, System and Apparatus for Telecommunications Control" was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(16) The '052 Patent expired on May 5, 2014.

(17) The '052 Patent issued from U.S. Application No. 09/082,182 ("the '182 Application"), filed on May 20, 1998. The '182 Application is a continuation of U.S. Application No. 08/568,551, which is a continuation of the '605 Application, filed on May 5, 1994.On September 17, 2002, United States Patent No. 6,452,932 ("the '932 Patent") entitled "Method, System and Apparatus for Telecommunications Control" was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(18) The '932 Patent expired on May 5, 2014.

(19) The '932 Patent issued from U.S. Application No. 09/499,874 ("the '874 Application"), filed on February 7, 2000. The '874 Application is a continuation of U.S. Application No. 09/081,891, which is a continuation of U.S. Application No. 08/568,551, which is a continuation of the '605 Application, filed on May 5, 1994.

(20) On October 29, 2002, United States Patent No. 6,473,429 ("the '429 Patent") entitled "Broadband Telecommunications System" was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(21) The '429 Patent expired on May 5, 2014.

(22) The '429 Patent issued from U.S. Application No. 09/353,401 ("the '401 Application"), filed on July 15, 1999. The '401 Application is a continuation of the '897 Application, filed on September 8, 1995.

(23) On October 2, 2001, United States Patent No. 6,298,064 ("the '064 Patent") entitled "Broadband Telecommunications System" was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(24) The '064 Patent expired on May 5, 2014.

(25) The '064 Patent issued from U.S. Application No. 09/504,408 ("the '408 Application"), filed on February 15, 2000. The '408 Application is a continuation of U.S. Application No. 09/353,401, which is a continuation of the '897 Application, filed on September 8, 1995.

(26) On December 11, 2001, United States Patent No. 6,330,224 ("the '224 Patent") entitled "System and Method for Providing Enhanced Services for a Telecommunication Call" was issued by the U.S.P.T.O. to Sprint with Christie and Joseph S. Christie (legal representative), Jean M. Christie (legal representative), and Tracy Lee Nelson listed as inventors.

(27) The '224 Patent expires on November 22, 2016.

(28) The '224 Patent issued from U.S. Application No. 09/272,655 ("the '655 Application"), filed on March 18, 1999. The '655 Application is a continuation of U.S. Application No. 08/754,847, filed on November 22, 1996.

(29) On May 13, 2003, United States Patent No. 6,563,918 ("the '918 Patent") entitled "Telecommunications System Architecture for Connecting a Call" was issued by the U.S.P.T.O. to Sprint with Tracy Lee Nelson, William Lyle Wiley, Royal Dean Howell, Michael Joseph Gardner, and Albert Daniel DuRee listed as inventors.

(30) The '918 Patent expires on February 20, 2018.

(31) The ‘918 Patent issued from U.S. Application No. 09/026,906, filed on February 20, 1998.

(32) On February 24, 2004, United States Patent No. 6,697,340 (“the ‘340 Patent”) entitled “System and Method for Providing Enhanced Services for a Telecommunication Call” was issued by the U.S.P.T.O. to Sprint with Christie and Joseph S. Christie (legal representative), Jean M. Christie (legal representative), and Tracy Lee Nelson listed as inventors.

(33) The ‘340 Patent expires on November 22, 2016.

(34) The ‘340 Patent issued from U.S. Application No. 10/336,999 (“the ‘999 Application”), filed on January 6, 2003. The ‘999 Application is a continuation of U.S. Application No. 09/272,932, which is a continuation of U.S. Application No. 08/754,847, filed on November 22, 1996.

(35) On October 23, 2007, United States Patent No. 7,286,561 (“the ‘6,561 Patent”) entitled “Method System and Apparatus for Telecommunications Control” was issued by the U.S.P.T.O. to Sprint with Christie listed as inventor.

(36) The ‘6,561 Patent expired on May 5, 2014.

(37) The ‘6,561 Patent issued from U.S. Application No. 10/633,798 (“the ‘798 Application”), filed on August 4, 2003. The ‘798 Application is a continuation of U.S. Application No. 09/082,040, which is a continuation of U.S. Application No. 08/568,551, which is a continuation of the ‘605 Application, filed on May 5, 1994.

(38) Collectively, the 3'561, '052, '932, '429, '064, '224, '918, '340, 6'561, and '084 patents are the "Asserted Patents."

(39) Sprint is the owner by assignment of all right, title, and interest to the Asserted Patents.

(40) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1, 4, and 7 of the '084 Patent.

(41) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1-3, 7, 15, 22-26, 29, 36, and 38 of the 3'561 Patent.

(42) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1-5, 8-9, and 11 of the '052 Patent.

(43) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1, 8, and 16 of the '932 Patent.

(44) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1-3 and 5-8 of the '429 Patent.

(45) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1-3, 7, 9, and 26 of the '064 Patent.

(46) Sprint asserts that Time Warner Cable has infringed and is infringing claims 1-4, 7, 13-14, and 20-21 of the '224 Patent.

(47) Sprint asserts that Time Warner Cable has infringed and is infringing claims 11-12 and 19 of the '918 Patent.

(48) Sprint asserts that Time Warner Cable has infringed and is infringing claims 11-12, 17, and 20 of the '340 Patent.

(49) Sprint asserts that Time Warner Cable has infringed and is infringing claims 11-12, 14, and 18-20 of the 6'561 Patent.

(50) On August 13, 2003, Sprint and Time Warner Cable entered into the "Wholesale Voice Services Technical Trial Agreement," wherein Time Warner Cable partnered with Sprint to provide voice services in the Kansas City test market.

(51) On December 5, 2003, Sprint and Time Warner Cable entered into and executed the "Wholesale Voice Services Agreement," wherein Time Warner Cable partnered with Sprint to provide voice services in various markets.

(52) On October 4, 2005, Sprint filed suit in the matter styled *Sprint Communications Co. L.P. v. Vonage Holdings Corp. et al.*, Case No. 05-2433-JWL (D. Kan.) ("Vonage Case").

(53) On July 27, 2006, Sprint and Time Warner Cable entered into and executed the "Amended and Restated Wholesale Voice Services Agreement."

(54) In 2008, Sprint filed the following lawsuits: *Sprint Communications Co. L.P. v. Paetec Holding Corp. et al*, Case No. 08-cv-2044-JWL/GLR (D. Kan.); *Sprint Communications Co. L.P. v. Broadvox Holdings, LLC et al.*, Case No. 08-cv-2045-JWL/DJW (D. Kan.); *Sprint Communications Co. L.P. v. Big River Telephone Co., LLC*, Case No. 08-cv-2046-JWL/DJW (D. Kan.); and *Sprint Communications Co. L.P. v. Nuvox, Inc. et al.*, Case No. 08-cv-2047-JWL/JPO (D. Kan.).

(55) On July 30, 2010, Sprint and Time Warner Cable entered into and executed the "Transition Assistance Agreement."

(56) On December 1, 2011, Time Warner Cable announced an agreement with Verizon Wireless that allowed Time Warner Cable to sell Verizon Wireless products and services.

(57) On December 19, 2011 Sprint filed the present lawsuit.

**b.** The parties have not yet stipulated to the admissibility of any exhibits for purposes of summary judgment or trial. However, they anticipate filing such stipulations after the court makes its summary judgment rulings.

**c.** Legible photocopies of exhibits may be used, offered, and received in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered and received in evidence in lieu of paper or PDF versions. Legible photocopies of United States patents and the content of U.S.P.T.O. file histories may be offered and received in evidence in lieu of certified copies thereof.

**d.** Each party may use a subset of an exhibit as a standalone exhibit, subject to evidentiary objections. Such subset exhibit shall be marked with the entire exhibit's number followed by a letter, for example, PTX1-A.

**e.** The parties agree that documents created by a party or subpoenaed third party and thereafter produced by that party or subpoenaed third party during the discovery phase of this litigation are presumed prima facie genuine and authentic.

**3. FACTUAL CONTENTIONS.**

**a. Contentions of Plaintiff.** Time Warner Cable has infringed one or more of the asserted claims of the Asserted Patents by making, selling, offering to sell, and/or using its Voice over Internet Protocol ("VoIP") telephony products and services. The products and services accused of infringing the Asserted Patents meet each limitation of one or more of the asserted claims of the Asserted Patents either literally or under the doctrine of equivalents, as those limitations are construed by the court.

The asserted claims of the Asserted Patents are presumed valid under 35 U.S.C. § 282. That presumption can only be overcome if Time Warner Cable provides clear and convincing evidence of their invalidity. Each of the asserted claims of the Asserted Patents is presumed valid independently of the validity of the other claims under 35 U.S.C. § 282. There is no evidence that any single prior art reference discloses, expressly or inherently, each and every limitation of any of the asserted claims, and that the asserted claims therefore are not anticipated or invalid under 35 U.S.C. § 102. There is no evidence that the asserted claims are obvious, in light of the prior art, under 35 U.S.C. § 103; there is no evidence that the prior art, alone or in combination, discloses each limitation of any of the asserted claims; and there are no other rationales to support a conclusion of obviousness. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). The asserted claims satisfy the requirements in 35 U.S.C. § 112. As a result, Time Warner

Cable cannot meet its burden to show the asserted claims in Sprint's Asserted Patents are invalid.

Sprint is entitled to an award of damages in the amount of not less than a reasonable royalty based on Time Warner Cable's infringement of the Asserted Patents, including prejudgment and post-judgment interest.

Time Warner Cable's infringement has been and continues to be willful. This is an "exceptional case" under 35 U.S.C. § 285. The court should treble any damage award and award Sprint its reasonable attorney fees as a result of Time Warner Cable's willful infringement.

Sprint also seeks an injunction preventing Time Warner Cable from continuing to make, sell, offer to sell, and/or use the infringing services. Plaintiff can meet its burden to prove (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that an injunction is warranted when balancing the hardships between plaintiff and Time Warner Cable; and (4) that the public interest would not be disserved by a permanent injunction.

Time Warner Cable cannot meet its burden to prove laches. First, Time Warner Cable cannot prove that Sprint was on notice that Time Warner Cable infringed Sprint's Asserted Patents prior to Time Warner Cable announcing its intention to discontinue using Sprint as a VoIP partner and that it would "Go It Alone." Second, Time Warner Cable cannot claim that Sprint was somehow on earlier constructive notice, prior to Time Warner Cable's announcement, of any practice of Sprint's patented methods that were not part of a managed VoIP solution performed by Sprint using Sprint architecture for

Time Warner Cable. Third, any delay in Sprint filing suit is justified based on the parties' non-disclosure agreements, the limits placed on the use of any confidential information under the various agreements between the parties and the difficulty and expense of discovering infringement, the existence of closely related patents and Sprint's other enforcement actions during the period of alleged delay, and attempts at resolving potential patent infringement issues between the parties. Fourth, Time Warner Cable cannot show proof of economic or evidentiary prejudice from any delay by Sprint to file suit. Fifth, Time Warner Cable cannot demonstrate that it would have done anything different had Sprint sued it before its announcement of its decision to "Go It Alone."

In addition, Time Warner Cable cannot meet its burden to prove equitable estoppel. First, Sprint did not mislead Time Warner Cable into believing it had the right to perform the services protected by Sprint's Asserted Patents. Second, Time Warner Cable cannot establish that it relied on any communications, conduct, or silence by Sprint to determine that it had the right to perform the services protected by Sprint's Asserted Patents. Third, Time Warner Cable cannot prove economic or evidentiary prejudice from any communications, conduct, or silence by Sprint relating to the Asserted Patents.

Time Warner Cable cannot meet its burden to show it has an express or implied license to any of Sprint's Asserted Patents. First, Sprint never granted Time Warner Cable a license to the Asserted Patents. Second, express provisions within various agreements between Sprint and Time Warner Cable state that Time Warner Cable has no implied license to Sprint's Asserted Patents. Third, Sprint did not expressly or implicitly waive any right to enforce one or more of the Asserted Patents.

Time Warner Cable cannot meet its burden to show patent exhaustion. Sprint has never authorized the sale to Time Warner Cable of an article that substantially embodies any Asserted Patent. *See Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 638 (2008).

Time Warner Cable cannot meet its burden to show that Sprint should be estopped from invoking the doctrine of equivalents based on representations made in prosecution history of any Asserted Patents. In particular, Sprint, while prosecuting the Asserted Patents, never relinquished its right to argue that the accused media gateways satisfy the "interworking unit" limitation of the Asserted Patents under the doctrine of equivalents.

Time Warner Cable cannot meet its burden to prove this lawsuit is barred by waiver. Sprint's conduct never induced a reasonable belief that it relinquished its rights to enforce the Asserted Patents against Time Warner Cable.

Time Warner Cable has not met its burden to prove this lawsuit is barred by acquiescence. Sprint filed this lawsuit in a reasonable time after the expiration of its voice services contract with Time Warner Cable and Time Warner Cable informing Sprint that it would "Go-it-Alone." Sprint expressed no intention to abandon its enforcement rights in the Asserted Patents and did not neglect its rights for such time as implies an intention to abandon them.

Time Warner Cable cannot meet its burden to prove that Sprint's claims are barred by the doctrines of *in pari delicto* or unclean hands. Time Warner Cable has not asserted *in pari delicto* and unclean hands as defenses in its Answer to Sprint's Amended Complaint, nor has Time Warner Cable moved for leave to amend to assert these

defenses. Furthermore, Sprint has not committed any wrongdoing that would relieve Time Warner Cable of its liability for patent infringement. To the extent Time Warner Cable contends that Time Warner Cable is at fault for some or all of the alleged infringement, Sprint agrees. As a result, Time Warner Cable should be held strictly liable for all claims for patent infringement identified above.

Finally, Warner Cable cannot demonstrate that Sprint is barred from asserting infringement of U.S. Patent Nos. 6,452,932; 6,463,052; 6,633,561; 7,286,561; 6,473,429; and 6,298,064 by the doctrine of collateral estoppel. Judge Robinson's decision in the District of Delaware regarding indefiniteness is not final, and Sprint opposes Cox's request to certify the decision as final under Fed. R. Civ. P. 54(b). Judge Robinson may revisit her decision regarding claim construction at any time prior to final judgment. Additionally, Judge Robinson's decision regarding definiteness does not dispose of all issues within a claim, including equitable defenses asserted by Cox, and therefore, the order is not final for purposes of Rule 54(b). Furthermore, the parties in the District of Kansas have already litigated the indefiniteness question and Judge Lungstrum found the "processing system" claims were not invalid as indefinite on October 9, 2014 (D.I. 435 at 6-13), rejecting the very arguments underlying Time Warner Cable's new collateral estoppel theory.

**b. Contentions of Defendant.** As outlined in greater detail in Time Warner Cable's interrogatory responses, Sprint knew as of 2003 that, beginning in 2003 and continuing through the date this lawsuit was filed in December 2011, Time Warner Cable purchased VoIP services from several different companies in order to offer phone service

to its customers. Over time, these companies included Sprint, MCI, Pine Tree Communications, and others. Sprint was further aware that Time Warner Cable began providing its own VoIP services (i.e., services not purchased from a third party) to customers in certain markets beginning in 2005 and that it began its nationwide rollout of its own go-it-alone VoIP services late 2010. Before filing suit, Sprint never told TWC that any of the VoIP service that TWC offered to its customers—whether or not purchased from a third party—infringes any Sprint patent.

Sprint is barred by the doctrine of laches from obtaining any damages for alleged infringement prior to December 19, 2011, when Sprint filed this lawsuit. Sprint had actual or constructive notice of Time Warner Cable's infringement of Sprint's Asserted Patents since at least 2003, when Time Warner Cable began providing VoIP-based voice services with Pine Tree and MCI. Sprint cannot meet its burden to prove that the delay in Sprint filing suit is justified. Time Warner Cable further contends that Time Warner Cable has suffered both evidentiary and economic prejudice as a result of Sprint's delay in filing suit. In addition, laches should be presumed because Sprint delayed filing suit for more than six years after it knew or reasonably should have known of Time Warner Cable's alleged infringement.

In addition, Sprint's lawsuit is barred by equitable estoppel. Time Warner Cable reasonably inferred from Sprint's misleading conduct that it had the right to perform the services accused of infringing Sprint's Asserted Patents. Time Warner Cable relied on Sprint's misleading conduct, including its silence. And Time Warner Cable has suffered

both economic and evidentiary prejudice if Sprint's infringement claims are allowed to proceed.

Sprint's lawsuit is barred by waiver because Sprint's conduct was so inconsistent with an intent to enforce the Asserted Patents as to induce a reasonable belief that such right has been relinquished.

Sprint's lawsuit is barred by acquiescence as Sprint knew or ought to have known of an entitlement to enforce the Asserted Patents but neglected to do so for such a time as implies an intention to waive or abandon that right.

Sprint's claims are barred by the doctrine of *in pari delicto* because Sprint's recovery should be barred by its own wrongful conduct. Sprint's claims are barred by the doctrine of unclean hands as Sprint has acted inequitably, unfairly and deceitfully toward Time Warner Cable in a way that is immediately and necessarily related to the relief Sprint seeks. Time Warner Cable's defenses of *in pari delicto* and unclean hands are adequately pled as part of its Fifth Affirmative Defense in its Answer to Sprint's Second Amended Complaint (*See* D.I. #85).

Time Warner Cable is expressly and impliedly licensed to practice the Asserted Patents. First, Sprint granted Time Warner Cable a license to the Asserted Patents through the parties' agreements. Second, Sprint impliedly granted Time Warner cable a license to the Asserted Patents through its actions and inactions throughout the parties' relationship.

Sprint's lawsuit is barred by patent exhaustion because Sprint has authorized the sale to Time Warner Cable of an article that substantially embodies the Asserted Patents.

Each of Sprint's asserted patent claims is invalid, either as anticipated under 35 U.S.C. §§ 102(a), (b), (e), and/or (g), or is obvious under 35 U.S.C. § 103 in view of the prior art identified in defendants' Invalidity Contentions as well as the prior art opined upon in the expert reports of Dr. Henry Houh and Mr. Scott Bradner (collectively, "the prior art"). Time Warner Cable has asserted numerous prior art references which invalidate all of the asserted claims alone or in combination.

In addition, each of Sprint's asserted patent claims is invalid due to failure to meet the requirements of 35 U.S.C. § 112 as expressed in defendants' Invalidity Contentions, the expert report of Dr. Paul Min, and the claim construction declarations of Dr. Leonard Forys. Specifically, the disclosures of the Sprint patents are explicit that the inventions in the possession of the claimed inventors were limited to telecommunications methods and systems that implemented centralized call control and/or that used the ATM protocol, and to the extent that those claims encompasses methods or systems that do not use centralized call control and/or the ATM protocol, including telecommunications methods and systems implemented on IP telecommunications networks, they are unsupported by the specifications of Sprint's asserted patents.

Time Warner Cable has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

Sprint should be estopped from invoking the doctrine of equivalents based on representations made in prosecution history of any Asserted Patents.

Sprint is barred from asserting infringement of U.S. Patent Nos. 6,452,932; 6,463,052; 6,633,561; 7,286,561; 6,473,429; and 6,298,064 by the doctrine of collateral

estoppel. On May 15, 2015, Judge Robinson of the District of Delaware entered summary judgment that the common claim limitation "processing system" in those patents is indefinite. The issue has been finally adjudicated on the merits by Judge Robinson, and Sprint had a full and fair opportunity to litigate the issue.

Sprint cannot establish that any alleged infringement by Time Warner Cable has been willful. There is no factual basis upon which Sprint can meet the heavy evidentiary burden of proof to establish willful infringement, or the additional burden of establishing this case was "extraordinary" so as to warrant enhanced damages or other relief for willful infringement.

Sprint has not met its burden to prove that it is entitled to an award of damages, nor that it has met its burden to prove what the amount of a reasonable royalty based on Time Warner Cable's alleged infringement of the Asserted Patents would be. In addition, Sprint is not entitled to prejudgment interest.

Sprint has not met its burden to seek an injunction. First, seven of the ten Asserted Patents have expired. Second, Sprint waited over eight years after Time Warner Cable began offering the accused VoIP services with Sprint's knowledge and participation before filing this lawsuit. Third, Sprint cannot prove any irreparable injury or that remedies available at law are inadequate to compensate for that injury. Fourth, a balance of hardships weighs against an injunction. Fifth, the public interest would be disserved by an injunction.

**4. LEGAL CLAIMS AND DEFENSES.**

**a. Legal Claims of Plaintiff.** Plaintiff asserts that it is entitled to recover upon the following theories:

(1) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1, 4, and 7) of the '084 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 1 of Second Amended Complaint, D.I. 82). *See, e.g.,* 35 U.S.C §§ 271, 281.

(2) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1-3, 7, 15, 22-26, 29, 36, and 38) of the '3,561 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 2 of Second Amended Complaint, D.I. 82). *See, e.g.,* 35 U.S.C §§ 271, 281.

(3) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1-5, 8-9, and 11) of the '052 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 3 of Second Amended Complaint, D.I. 82). *See, e.g.,* 35 U.S.C §§ 271, 281.

(4) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1, 8, and 16) of the '932 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 4 of Second Amended Complaint, D.I. 82). *See, e.g.,* 35 U.S.C §§ 271, 281.

(5) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1-3 and 5-8) of the '429 patent either literally or under the doctrine of equivalents,

by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 5 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(6) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1-3, 7, 9, and 26) of the '064 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 6 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(7) Time Warner Cable has infringed one or more of the asserted claims (Nos. 1-4, 7, 13-14, and 20-21) of the '224 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 8 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(8) Time Warner Cable has infringed one or more of the asserted claims (Nos. 11-12 and 19) of the '918 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 9 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(9) Time Warner Cable has infringed one or more of the asserted claims (Nos. 11-12, 17, and 20) of the '340 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 11 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(10) Time Warner Cable has infringed one or more of the asserted claims (Nos. 11-12, 14, and 18-20) of the '6,561 patent either literally or under the doctrine of equivalents, by making, selling, or offering to sell, and/or using certain VoIP telephony systems (Count 12 of Second Amended Complaint, D.I. 82). *See, e.g.*, 35 U.S.C §§ 271, 281.

(11) The asserted claims of Asserted Patents are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption. Under 35 U.S.C § 284, plaintiff is entitled to an award of damages adequate to compensate for Time Warner Cable's infringement. These damages must be in an amount no less than a reasonable royalty. *See* 35 U.S.C § 284.

(12) As relates to Sprint's claims under all of the Asserted Patents, this is an exceptional case under 35 U.S.C § 285, and accordingly Sprint should be awarded its reasonable attorney fees.

(13) An injuction should be entered to prevent Time Warner Cable from continuing to infringe the '224, '918, and '340 patents, pursuant to 35 U.S.C. § 283.

(14) Under 35 U.S.C. § 284, because of Time Warner Cable's willful infringement of the '3,561, '052, '932, '429, and '064 patents, the court should treble the amount of damages awarded to Sprint.

(15) Sprint is entitled to award of prejudgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284.

(16) Sprint's Asserted Patents are definite and the Federal Circuit's en banc opinion in *Williamson v. Citrix Online*, No. 2013-1130 (Fed. Cir. June 16, 2015)

does not alter Judge Lungstrum's prior order declining to apply 35 U.S.C. § 112(f) to any of the claims or terms at issue. (D.I. 435 at 7-8).

**b. Defenses of Defendant.** Time Warner Cable asserts the following defenses and affirmative defenses:

(1) Time Warner Cable does not infringe any asserted claim of the Asserted Patents. (D.I. #85, First and Second Affirmative Defenses at ¶¶ 108, 109.)

(2) Time Warner Cable's VoIP network does not meet every limitation of any claim of any of the Asserted Patents, either literally or under the doctrine of equivalents. (D.I. #85, First and Second Affirmative Defenses at ¶¶ 108, 109.)

(3) Time Warner Cable has not willfully infringed any Asserted Patent. (D.I. #85, at ¶ 41.)

(4) The Asserted Patents are invalid pursuant to 35 U.S.C. § 102 for anticipation. (D.I. #85, Third Affirmative Defense at ¶ 110.)

(5) The Asserted Patents are invalid pursuant to 35 U.S.C. § 103 for obviousness. (D.I. #85, Third Affirmative Defense at ¶ 110.)

(6) The Asserted Patents are invalid for failure to meet the requirements of 35 U.S.C. § 112. (D.I. #85, Third Affirmative Defense at ¶ 110.)

(7) The relief sought is barred by waiver and acquiescence. (D.I. #85, Fifth Affirmative Defense at ¶¶ 112–113.)

(8) The relief sought is barred by the doctrines of *in pari delicto* and unclean hands. (D.I. #85, Fifth Affirmative Defense at ¶¶ 112–113.)[1]

(9) The relief sought is barred by laches and equitable estoppel. (D.I. #85, Fifth Affirmative Defense at ¶¶ 112–113.)

(10) The relief sought is barred because Sprint granted Time Warner Cable an express and implied license. (D.I. #85, Sixth Affirmative Defense at ¶ 114.)

(11) The relief sought is barred by the doctrine of patent exhaustion. (D.I. #85, Sixth Affirmative Defense at ¶ 114.)

(12) Sprint is barred from any relief or recovery for infringement of the '932, '3,561, '052, '6,561, '429 and '064 Patents by the doctrine of collateral estoppel.

(13) Regardless of the preclusive effect of the Delaware invalidity decision, in light of the Federal Circuit's en banc opinion in *Williamson v. Citrix Online*, No. 2013-1130 (Fed. Cir. June 16, 2015), the claims containing the limitations addressed by the parties in D.I. 317, 340 and 360 are indefinite and therefore invalid as a matter of law.

## 5. DAMAGES AND NON-MONETARY RELIEF REQUESTED.

**a. Plaintiff's Damages.** Sprint contends that Time Warner Cable began infringing the Asserted Patents at least as early as September 2010. As a result of Time Warner Cable's past and continuing infringement of the Asserted Patents, Sprint is

[1] According to Time Warner Cable, its defenses of *in pari delicto* and unclean hands are adequately pled as part of its fifth affirmative defense in its answer to Sprint's second amended complaint. (*See* D.I. #85). Sprint disagrees.

entitled to damages in an amount not less than a reasonable royalty. *See* 35 U.S.C §§ 284, 286. Sprint's expert report, dated April 3, 2015, set forth that at the time of the hypothetical negotiation, Sprint and Time Warner would have agreed on a royalty of at least $1.50 per subscriber per month for use of the patents-in-suit through the expiration of the Asserted Patents on May 5, 2014, after which the royalty would be at least $0.13 per subscriber per month through the remainder of the damages period. Thus, reasonable royalty damages to Sprint as a result of Time Warner Cable's infringement of the Asserted Patents through December 31, 2014 are $155.3 million. Prior to the trial in this matter, and pursuant to the Federal Rules, plaintiff will supplement these numbers.

Alternatively, in the event the court determines that the appropriate damages start date is December 19, 2011, Sprint's experts have concluded that reasonable royalty damages to Sprint as a result of Time Warner Cable's alleged infringement of the Asserted Patents through December 31, 2014 are $131.7 million. Because Time Warner Cable continues to sell its infringing services, this damage amount is increasing and will continue to increase through trial and until an injunction is entered.

Sprint also seeks its costs, prejudgment, and post-judgment interest on all damages.

In addition, and because of Time Warner Cable's willful infringement of the asserted patents, the court should treble the amount of damages awarded by the jury under 35 U.S.C § 284. Finally, Time Warner Cable's willful infringement renders this an exceptional case under 35 U.S.C § 285, and accordingly plaintiff should be awarded its reasonable attorney fees in an amount to be determined after trial.

**b. Defendant's Damages.** None claimed.

Time Warner Cable contends that Sprint is not entitled to any damages because the asserted claims of the Asserted Patents are invalid and not infringed, and because the relief sought by Sprint is barred in whole or in part by the doctrines of laches, equitable estoppel, waiver, acquiescence, *in pari delicto*, unclean hands, implied license, express license, patent exhaustion, and collateral estoppel.

If Sprint is entitled to damages, then Sprint is entitled to no more than a lump sum royalty at or near $0.00.

Sprint is not entitled to costs or to prejudgment interest on any damages. Should Time Warner Cable prevail on its defenses, and the court finds this is an exceptional case under 35 U.S.C. § 285, Time Warner Cable should be awarded its costs and reasonable attorney fees in an amount to be determined after trial.

**6. AMENDMENTS TO PLEADINGS.**

The court has granted Time Warner Cable's motion leave to amend its answer to assert the defense of collateral estoppel in light of Judge Robinson's May 15, 2015 summary judgment ruling in the District of Delaware that six of the Asserted Patents are indefinite (*see* ECF doc. 852 in Case No. 11-2684).

As indicated in the footnote to paragraph 4(b)(8) above, there's a disagreement between Time Warner Cable and Sprint about whether certain defenses have been adequately pled. Time Warner Cable intends to file a motion for leave to clarify and/or amend the fifth affirmative defense in its answer which currently alleges that "the relief sought by Sprint is barred in whole or in part by equitable doctrines, including waiver,

acquiescence, laches, and/or estoppel." As part of this motion, Time Warner Cable will seek leave of the court to identify the equitable doctrines of unclean hands and *in pari delicto* in its fifth affirmative defense.

**7. DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by June 30, 2015.

Discovery is complete, except as specifically noted below. There is one expert deposition outstanding, which the parties have agreed to complete by August 31, 2015. In addition, on July 22, 2015, Time Warner Cable will produce one additional 30(b)(6) witness, Andy Block, on thirty-five 30(b)(6) topics, as well as in his personal capacity.

Sprint reported at the pretrial conference that non-party Cisco produced a privilege log in response to Sprint's document subpoena on June 30, 2015. Sprint believes it is entitled to (and that Cisco has promised) a Rule 30(b)(6) deposition of Cisco pursuant to Sprint's deposition subpoena. Time Warner Cable disagrees.

The parties anticipated that Sprint would submit a supplemental expert report regarding the court-ordered deposition concerning the '918 patent resulting from the recent motion practice (see ECF doc. 752 in Case No. 11-2684), and anticipate that Time Warner Cable will provide a responsive expert report, and that both sides will seek to depose the other side's expert on the opinions contained in those reports. Sprint recently provided a supplemental report, which Time Warner Cable is evaluating.

Additional unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or

other pretrial preparations. Although this additional unopposed discovery may be conducted beyond the deadline for completion of discovery if all parties are in agreement to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery. Nothing in this paragraph shall limit the ability of the parties to seek resolution from the court of any disputes arising from discovery that is pursuant to rulings that necessitated discovery after the deadline.

**8. MOTIONS.**

**a. Pending Motions.** On July 10, 2015, Time Warner Cable and the defendants in Case Nos. 11-2684 and 11-2685 filed a consolidated motion to stay all three cases until the Federal Circuit affirms or reverses the finding of invalidity of certain patents-in-suit in *Cox Communications, Inc. v. Sprint Communications L.P.*, Case No. 12-cv-00487-SLR in the District of Delaware (ECF doc. 846 in Case No. 11-2684).

**b. Additional Pretrial Motions.** Sprint anticipates filing a motion to bifurcate trial of Time Warner Cable's equitable defenses, which are questions of law, from trial of the liability issues of infringement, validity, and damages. According to Sprint, issues of infringement, validity, and damages should be tried by jury, and if the jury finds Time Warner Cable infringed one or more claims of a valid patent, then a separate bench trial before Judge Lungstrum should be held on Time Warner Cable's equitable defenses, including laches, equitable estoppel, waiver, and acquiescence. According to Time Warner Cable, issues of infringement, validity, damages, laches, equitable estoppel, waiver, and acquiescence all should be tried together because of the substantial overlap of the evidence, as the parties' extensive relationship is relevant to

both damages and Time Warner Cable's defenses. Moreover, were the court to sever the trial of equitable issues, Time Warner Cable believes it would make little sense to try those issues after the trial of validity, infringement, and damages issues, given the potentially unnecessary inconvenience to a jury and the fact that a ruling with respect to equitable issues could determine the relevant period for which a jury would need to determine damages. As discussed during the pretrial conference, Sprint's anticipated motion for bifurcation, and likewise Time Warner Cable's anticipated motion for an advisory jury on equitable defenses, must be filed within 5 business days of the date on which Judge Lungstrum files his summary judgment rulings in this case, or by **November 23, 2015**, whichever date is earlier. Responsive briefs with regard to these motions are due 5 business days after the motions are filed. Due to the related and overlapping nature of these motions, as discussed during the pretrial conference, no reply briefs shall be allowed.

Both Sprint and Time Warner Cable anticipate filing motions for summary judgment motions and motions in limine.

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **July 31, 2015**. As provided by the court's original scheduling order (ECF doc. 69), 30 days shall be allowed for briefs in opposition to such motions, and 21 days for reply briefs, if any.

The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

The arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent an order of the court. As discussed during the pretrial conference, Sprint and Time Warner Cable each shall file no more than a single motion for summary judgment that asserts all their respective arguments. The supporting briefs shall contain no more than 30 pages of argument. In addition, though, all of the defendants in Case Nos. 11-2684, 11-2685, and 11-2686 are granted leave to file a joint motion for summary judgment, focused entirely on their invalidity and collateral estoppel defenses, with a supporting brief containing no more than 20 pages of argument; Sprint's responsive brief shall be limited to 20 pages of argument.

**c. Motions Regarding Expert Testimony.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed in accordance with the dispositive-motion deadline stated above.

**9. TRIAL.**

The trial docket setting for the first of the three consolidated cases, as established in the scheduling order and any amendments, is **January 19, 2016, at 9:30 a.m., in Kansas City, Kansas.** Currently, this case is set to be tried with a jury.

The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial. If no dispositive motions are timely filed, or if the

case remains at issue after timely dispositive motions have been decided, then the trial judge will convene another pretrial conference to discuss, among other things, the setting of deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials, if necessary.

As provided by the court's third amended scheduling order (ECF doc. 525 in Case No. 11-2684), a limine conference will be held on **January 8, 2016, at 10:00 a.m**.

IT IS SO ORDERED.

Dated July 24, 2015, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

Counsel are hereby notified that, unless the undersigned Magistrate Judge receives objections, corrections, or revisions to the foregoing proposed pretrial order by **July 23, 2015,** it will be signed and filed. If revisions are requested, counsel shall state in writing on a separate document in letter form the requested revision, identifying the paragraph number and the reason for such revision, and serve on opposing counsel and to the Magistrate Judge. Counsel shall confer about all such revisions <u>before</u> communicating them to the Magistrate Judge. Counsel are encouraged (but not required) to submit jointly any requests for revisions. At a minimum, written requests for revisions shall state whether opposing counsel consents or objects, and summarize the bases of all objections. All such requests for revisions shall be submitted via e-mail to:

*ksd_ohara_chambers@ksd.uscourts.gov*

This proposed pretrial order was served on July 16, 2015, on the following:

| | |
|---|---|
| B. Trent Webb | bwebb@shb.com |
| Peter E. Strand | pstrand@shb.com |
| Robert H. Reckers | rreckers@shb.com |
| Ryan J. Schletzbaum | rschletzbaum@shb.com |
| Ryan D. Dykal | rdykal@shb.com |
| Ron E. Shulman | ron.shulman@lw.com |
| Lawrence J. Gotts | lawrence.gotts@lw.com |
| John T. Ryan | jake.ryan@lw.com |

| | |
|---|---|
| Stephanie N. Grace | stephanie.grace@lw.com |
| Terrence J. Campbell | tcampbell@barberemerson.com |

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge