IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS )
COMPANY L.P., )
 )
               Plaintiff, )
 )
v. )  Case No. 11-2686-JWL
 )
TIME WARNER CABLE, INC., et al., )
 )
               Defendants. )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion to strike or disregard portions of defendants' brief in support of their summary judgment motion (Doc. # 171). For the reasons set forth below, the Court **denies** the motion.

As a preliminary matter, the Court notes that plaintiff's invocation of Fed. R. Civ. P. 12(f) is wholly inappropriate. That rule allows the Court to strike matters from pleadings, *see id.*, but here plaintiff challenges material in defendants' summary judgment brief. *See* Fed. R. Civ. P. 7 (list of allowed pleadings does not include briefs on motions).

Plaintiff also requests that the Court disregard certain portions of defendants' summary judgment brief as noncompliant with D. Kan. Rule 56.1, which provides that such a brief "must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists." *See id.* Specifically, plaintiff

argues that defendants' statement of facts, which comprises 317 separately numbered statements (some with subparts) over 76 pages, is not "concise", is unduly cumbersome, and contains "improper argument, legal conclusions, and inappropriate commentary." Plaintiff also argues that defendants have attempted to circumvent the page limit for the argument section of the brief by including argument within the statement of facts.

Plaintiff attempts to compare this case to *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290 (D. Kan. 2007) (Lungstrum, J.), in which the Court concluded that the defendant's summary judgment statement of facts violated Rule 56.1 and thus chose to disregard the arguments contained in that statement. *See id.* at 1303-05. The Court does not find that comparison to be apt, however. In *Vonage*, certain sections of the brief were "largely cluttered with improper attorney argument and commentary as well as legal conclusions" (including describing patents by paraphrasing through attorney argument instead of citing to the patent disclosures); did not contain facts set forth in separately numbered paragraphs; and contained only cursory citations to the record. *See id.* at 1304. The Court further concluded in *Vonage* that the defendant had presented the record in a manner "so convoluted and cumbersome" that it was unrealistic to expect the plaintiff "to be able to fairly meet the substance of the complex factual matters asserted by" the defendant. *See id.* at 1304-05. Defendants' statement of facts in this case is not beset by the same problems (especially upon a "cursory review" as suggested by plaintiff). Indeed, it is telling that plaintiff is able to identify only eight specific statements of fact (out of the 317 total statements) that purportedly

2

contain improper material. The Court thus addresses those specific paragraphs.

Plaintiff argues that Paragraphs 244, 258, and 290 improperly contain assertions that defendants relied on and has been prejudiced by certain conduct by plaintiff. Plaintiff argues that defendants in those paragraphs have not stated facts but have improperly stated inferences that defendants seek to have the Court draw from the facts. The Court rejects this argument, which appears to depend on an argument that inferences may not be factual. Facts may certainly be inferred from other facts—in fact, that is the nature of circumstantial evidence.[1] Whether defendants relied or suffered prejudice may present questions of fact (plaintiff has not offered authority to the contrary), and defendants were free to state such facts with citations to evidence that support them (including through reasonable inferences). Indeed, had defendants failed to offer any evidence of their reliance, plaintiff would no doubt have sought denial of defendants' summary judgment motion on the basis that defendants had failed to establish a required element of their affirmative defense. In its own brief, plaintiff may then offer statements of additional fact, with supporting evidence, to show that a question of fact remains precluding summary judgment.

Plaintiff also argues that Paragraphs 262-266, which contain statements that defendants would or could have taken certain actions if not for certain conduct by plaintiff, improperly contain argument to support satisfaction of the reliance element of

---

[1] For instance, one might infer that a person had been at a restaurant (a fact) from the evidence that the person's credit card was found there (another fact).

defendants' affirmative defense of equitable estoppel. Again the Court disagrees, as defendants' reliance would ordinarily present a question of fact. Defendants have properly asserted that it could or would have taken certain actions as statements of fact, supported by citations to evidence, and plaintiff is free to attempt to controvert those statements by citations to evidence of its own.

Finally, the Court rejects plaintiff's argument that defendants have improperly attempted to circumvent the applicable page limit for the argument section of their brief. Again, plaintiff has not shown that defendants have improperly relied on its statement of facts to make their legal arguments, and even if defendants had done so, they would be running the risk that more cursory arguments later in the brief would not be persuasive. Moreover, the Court almost certainly would have granted a request for a reasonable extension of the page limit (including for plaintiff's opposition brief); thus, plaintiff has suffered no prejudice from any abundance of argument contained in defendants' brief.

The Court concludes that plaintiff can fairly meet and address defendants' statements of fact. Plaintiff has not established any violation of Rule 56.1. Moreover, plaintiff will suffer no prejudice from the inclusion of any legal arguments in the statement of facts because the Court will consider only facts properly stated, and will only consider those facts in the light most favorable to plaintiff, as required by the summary judgment standard. The Court therefore denies plaintiff's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to strike (Doc. # 171) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of October, 2015, in Kansas City, Kansas.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge