IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2686-JWL |
| TIME WARNER CABLE, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion to confirm or to amend (Doc. # 125).  For the reasons set forth below, the Court **denies** the motion.

On January 16, 2014, defendants filed their answer to plaintiff's second amended complaint.  In their fifth affirmative defense, defendants pleaded various facts and concluded as follows: "Accordingly, the relief sought by [plaintiff] is barred in whole or in part by equitable doctrines, including waiver, acquiescence, laches, and/or estoppel."  In connection with the drafting of the pretrial order, plaintiff objected to defendants' assertion of the affirmative defenses of unclean hands and *in pari delicto*, and defendants subsequently filed the present motion, by which defendants ask the Court to confirm that they adequately pleaded those two defenses in their answer.  Alternatively, defendants seek leave to amend to add those two defenses.

The Court first denies defendants' request for confirmation that the two defenses were included in their answer.  In their fifth affirmative defense, defendants named four particular equitable defenses, but they did not include the two at issue here.  Defendants' reference to "equitable defenses" generally is not sufficient to plead specific unnamed defenses even under the most liberal pleading standard.[1]  Defendants certainly have not cited to authority suggesting that a party may plead all potentially relevant affirmative defenses merely by stating generally that there are defenses—or even that there are equitable defenses—that apply.[2]  A plaintiff would not be permitted to plead that it is

---

[1] The Court need not decide whether defendants were required to plead sufficient facts to support their affirmative defenses under the Supreme Court's *Iqbal* standard; an *Iqbal* challenge would need to have been raised in a motion to dismiss, but because defendants did not plead these two defenses, plaintiff had no reason to mount such a challenge.  Nor must the Court decide whether defendants properly altered the wording of this affirmative defense (from asserting that plaintiff's claims were barred by the four specific defenses to asserting that the claims were barred equitable defenses including those four specific defenses) without leave after plaintiff filed its second amended complaint, as neither version successfully pleads the defenses of unclean hands and *in pari delicto*.

[2] The three cases cited by defendants are distinguishable.  In two cases, the defendant pleaded the defense of unclean hands, and the court ruled that the defendant had therefore also preserved the defense of *in pari delicto* because those two defenses are so closely related.  *See Lakes Gas Co. v. Clark Oil Trading Co.*, 875 F. Supp. 2d 1289, 1309 n.4 (D. Kan. 2012) (noting that *in pari delicto* is a corollary of the unclean hands doctrine); *Loxley South, L.L.C. v. Western Express, Inc.*, 2011 WL 24699823, at *2 n.4 (S.D. Ala. June 21, 2011) (cited in *Lakes Gas*).  In the third case, the court held that the defendant's reference to "estoppel" (with waiver and laches) included the defense of equitable estoppel, as those three equitable defenses are treated as an ensemble.  *See 216 Jamaica Ave., LLC v. S & R Playhouse Realty, Co.*, 2009 WL 483191, at *3 (N.D. Ohio Feb. 25, 2009).  In this case, there is no basis to interpret defendants' specific pleading of the defenses of waiver, estoppel, laches, and
(continued...)

entitled to relief under some theory without identifying that theory; similarly, a defendant may not plead that it should prevail because of an affirmative defense (on which it bears the burden of proof) without identifying that defense. Defendants' answer provided no notice to plaintiff that defendants were asserting the particular defenses of unclean hands and *in pari delicto*, and thus the answer may not be interpreted to include those defenses.

In the alternative, defendants seek leave to amend their answer to assert the two defenses. Defendants note that courts in this district (including in this case) have required a party seeking leave to amend after the scheduling order deadline to show good cause under Fed. R. Civ. P. 16(b) and to satisfy the requirements of Fed. R. Civ. P. 15(a). *See Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686, slip. op. at 1-2 (D. Kan. Dec. 16, 2013) (O'Hara, Mag. J.) (citing cases). The Court concludes in this case that because of defendants' failure to seek leave to amend until this late stage in the litigation, defendants have not shown the necessary good cause under Rule 16(b) and have unduly delayed in seeking the amendment for purposes of Rule 15(a). *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting similarity between the good cause standard of Rule 16(b) and the undue delay analysis under Rule 15).

Defendants did not seek leave to amend to add these defenses until after the close of discovery. Defendants argue that they discussed the bases for these defenses in an

---

[2](...continued)
acquiescence to include the separate defenses of unclean hands and *in pari delicto*.

interrogatory answer during discovery, and that because those same facts underlie their other equitable defenses, plaintiff would suffer no prejudice from amendment at this time. With respect to the timing of this motion, defendants argue that they have sought leave to amend as soon as a dispute arose (in the context of drafting the pretrial order) concerning whether the defenses were properly in the case. As plaintiff notes, however, it has been denied leave to amend in related cases in this court when it delayed in seeking leave after it knew of the factual bases for the new claims. *See Sprint Communications Co. L.P. v. Comcast Cable Communications LLC*, No. 11-2684, slip. op. at 3-6 (D. Kan. Mar. 17, 2015); *Sprint Communications Co. L.P. v. Cable One, Inc.*, No. 11-2685, slip. op. at 3-8 (D. Kan. Feb. 14, 2014). In this case, defendants concede that the two new defenses rely on the same facts that support the equitable defenses that they originally pleaded, and they discussed those bases in their discovery response 16 months before they filed the present motion for leave to amend. Thus, defendants have not shown that they could not have sought leave to amend to assert these defenses long ago. The Court rejects defendants' argument that the need to amend only arose recently, as defendants could not reasonably have believed before the pretrial order drafting that they had included these particular defenses in their answer and thus had no need to amend. The present motion, filed after the close of discovery and at the dispositive motion deadline, simply comes too late. Accordingly, the Court concludes that defendants have not shown good cause under Rule 16(b) and that defendants unduly delayed in seeking the amendment under Rule 15(a), and the Court therefore in its

discretion denies defendants' motion for leave to amend.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to confirm or to amend (Doc. # 125) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of October, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

_____

[3]In light of this conclusion, the Court need not address plaintiff's argument that the assertion of these defenses would be futile.