```
                 UNITED STATES DISTRICT COURT
                      DISTRICT OF KANSAS

SPRINT COMMUNICATIONS
COMPANY, LP,
                                        Docket No. 11-2686
   Plaintiff,

   v.
                                        Kansas City, Kansas
TIME WARNER CABLE, INC.,                Date:  3/3/2017
ET AL.,
                                        Volume 14
   Defendants.
 ............................

              TRANSCRIPT OF JURY TRIAL
       BEFORE THE HONORABLE JOHN W. LUNGSTRUM
    SENIOR UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For the plaintiff:

B. Trent Webb
Peter E. Strand
Robert H. Reckers
Jordan T. Bergsten
Lauren Douville
Ryan Schletzbaum
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

For the Defendant:

Terrence J. Campbell           Ron E. Shulman
Barber Emerson, LC             Latham & Watkins, LLP
1211 Massachusetts St.         140 Scott Drive
Lawrence, KS 66044             Menlo Park, CA 94025

Daniel L. Reisner              Lawrence J. Gotts
Arnold & Porter Kaye           Latham & Watkins, LLP
  Scholer, LLP                 555 Eleventh Street, N.W.
250 West 55th Street           Suite 1000
New York, NY 10019             Washington D.C. 20004
```

1  APPEARANCES:
   (continued)
2
   Stephanie Grace
3  Jake Ryan
   Latham & Watkins, LLP
4  12670 High Bluff Drive
   San Diego, CA 92130
5

6

7                           INDEX

8    Jury Request for Items                              3074

9    Jury Verdict                                        3075

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    (Court called to order.)
2                    THE COURT: You may be seated. We're back
3   in session in *Sprint versus Time Warner* outside the
4   hearing of the jury and I've -- the jury has orally
5   asked the bailiff -- of course I'll have him put this in
6   a note, I thought we could save some time by talking
7   about it here -- asked the bailiff for a calculator, and
8   I would normally grant that request but I would not
9   grant it before letting the parties know about such a
10  request. Is there any objection to the court granting
11  that request?
12                   MR. WEBB: Not from Sprint, Your Honor.
13                   MR. SHULMAN: No.
14                   THE COURT: All right. Then that's what I
15  would do. I'll get a formal note. I'll sign off on it
16  and we'll take care of it accordingly. All right. Is
17  there anything further we should talk about in
18  connection with Time Warner while we're here?
19                   MR. WEBB: Time Warner, no. Sorry.
20                   THE COURT: Something else? Did you have
21  another --
22                   MR. WEBB: Well --
23                   THE COURT: The Comcast folks have left.
24                   MR. WEBB: Sorry, nothing.
25                   MR. SHULMAN: No, Your Honor.

```
 1              THE COURT:  All right.  We'll let you know
 2   then when we next need to get together.  We are in
 3   recess.
 4              (Recess.)
 5              THE COURT:  If we are ready to proceed,
 6   we'll bring in the jury.
 7              (The jury entered the courtroom, after which
 8   the following proceedings were had.)
 9              THE COURT:  You may be seated.
10         0052, I understand that the jury has arrived at a
11   unanimous verdict; is that correct?
12              JUROR 0052:  Yes, we have.
13              THE COURT:  Very well.  Would you give the
14   verdict form to the bailiff, please.
15         All right.  Very well.  Mr. Rempel, would you,
16   please, read the verdict.  And I've asked Mr. Rempel,
17   rather than reading each and every question and answer,
18   to do it in a way that's a little more abbreviated and
19   efficient.
20              MR. REMPEL:  In the case of *Sprint
21   Communications Company versus Time Warner Cable, Inc.*,
22   we, the jury, empaneled and sworn in the above-entitled
23   case, upon our oaths, do make the following answers to
24   the questions propounded by the court.
25         No. 1, Claim 1 of the '084 patent:
```

```
 1              (A)  With respect to infringement, no.
 2                   Literal infringement?  No.
 3              (B)  With respect to doctrine of equivalents?
 4   Yes.
 5              (C)  With respect to written description?
 6   No.
 7              (D)  With respect to anticipation?  No.
 8              (E)  With respect to obviousness?  No.
 9        No. 2, Claim 7 of the '084 patent.
10              (A)  With respect to infringement?  Yes.
11              (B)  With respect to written description
12   requirement?  No.
13              (C)  With respect to anticipation?  No.
14              (D)  With respect to anticipation -- that's as
15   with respect to obviousness?  No.
16        No. 3, Claim 1 of the '561 patent.
17              (A)  With respect to infringement?  Yes.
18              (B)  With respect to written description
19   requirement?  No.
20              (C)  With respect to anticipation?  No.
21              (D)  With respect to obviousness?  No.
22        No. 4, Claim 3 of the '561 patent.
23              (A)  With respect to infringement?  Yes.
24              (B)  With respect to written description?  No.
25              (C)  With respect to obviousness?  No.
```

1      No. 5, Claim 15 of the '561 patent.
2           (A)  With respect to infringement?  Yes.
3           (B)  With respect to written description?  No.
4           (C)  With respect to anticipation?  No.
5           (D)  With respect to obviousness?  No.
6      No. 6, Claim 23 of the '561 patent.
7           (A)  With respect to infringement?  Yes.
8           (B)  With respect to written description?  No.
9           (C)  With respect to anticipation?  No.
10          (D)  With respect to obviousness?  No.
11     No. 7, Claim 24 of the '561 patent.
12          (A)  With respect to infringement?  Yes.
13          (B)  With respect to written description?  No.
14          (C)  With respect to anticipation?  No.
15          (D)  With respect to obviousness?  No.
16     No. 8, Claim 26 of the '561 patent.
17          (A)  With respect to infringement?  Yes.
18          (B)  With respect to written description?  No.
19          (C)  With respect to obviousness?  No.
20     No. 9, Claim 38 of the '561 patent.
21          With respect to infringement?  Yes.
22          (B)  With respect to written description?  No.
23          (C)  With respect to anticipation?  No.
24          (D)  With respect to obviousness?  No.
25     No. 10, Claim 1 of the '052 patent.

```
 1              With respect to infringement?  Yes.
 2         (B)  With respect to written description?  No.
 3         (C)  With respect to anticipation?  No.
 4         (D)  With respect to obviousness?  No.
 5     No. 11, Claim 3 of the '052 patent.
 6              With respect to infringement?  Yes.
 7         (B)  With respect to written description?  No.
 8         (C)  With respect to anticipation?  No.
 9         (D)  With respect to obviousness?  No.
10     No. 12, Claim 4 of the '052 patent.
11         (A)  With respect to infringement?  Yes.
12         (B)  With respect to written description
13  requirement?  No.
14         (C)  With respect to anticipation?  No.
15         (D)  With respect to obviousness?  No.
16     No. 13, Claim 5 of the '052 patent.
17         (A)  With respect to infringement?  Yes.
18         (B)  With respect to written description?  No.
19         (C)  With respect to obviousness?  No.
20     No. 14, Claim 1 of the '429 patent.
21         (A)  With respect to literal infringement?  No.
22         (B)  With respect to the doctrine of equivalents?
23  Yes.
24         (C)  With respect to the written description
25  requirement?  No.
```

```
 1            (D)  With respect to anticipation?  No.
 2            (E)  With respect to obviousness?  No.
 3       No. 15, Claim 5 of the '429 patent.
 4            (A)  With respect to infringement?  Yes.
 5            (B)  With respect to written description?  No.
 6            (C)  With respect to anticipation?  No.
 7            (D)  With respect to obviousness?  No.
 8       No. 16, Claim 7 of the '429 patent.
 9            (A)  With respect to infringement?  Yes.
10            (B)  With respect to written description?  No.
11            (C)  With respect to obviousness?  No.
12       No. 17, Claim 1 of the '064 patent.
13            (A)  With respect to literal infringement?  No.
14            (B)  With respect to doctrine of equivalents?
15    Yes.
16            (C)  With respect to written description?  No.
17            (D)  With respect to anticipation?  No.
18            (E)  With respect to obviousness?  No.
19       No. 18, Claim 3 of the '064 patent.
20            (A)  With respect to infringement?  Yes.
21            (B)  With respect to written description?  No.
22            (C)  With respect to anticipation?  No.
23            (D)  With respect to obviousness?  No.
24       No. 19, Claim 26 of the '064 patent.
25            (A)  With respect to infringement?  Yes.
```

1              (B)   With respect to written description?  No.
2              (C)   With respect to obviousness?  No.
3        No. 20:  Do you find that Sprint proved by a
4    preponderance of the evidence that the appropriate date
5    of the hypothetical royalty negotiation between the
6    parties is 2010?  Answer:  Yes.
7              No. 21:  State the amount of damages that Sprint
8    proved by a preponderance of the evidence representing a
9    reasonable royalty for Time Warner's infringement of the
10   asserted patent claims.  The amount stated is
11   $139.8 million.
12             No. 22:  Do you find that Sprint has proved by a
13   preponderance of the evidence that Time Warner Cable's
14   infringement was willful?  Answer:  Yes.
15           Signed and dated by the foreperson.
16             THE COURT:  Thank you, Mr. Rempel.
17        0052, is that and was that the unanimous verdict
18   of the jury in this case?
19             JUROR 0052:  Yes, it was.
20             THE COURT:  Very well.  Does either side
21   wish to have the jury polled.  Mr. Webb?
22             MR. WEBB:  No, Your Honor.
23             THE COURT:  Mr. Shulman.
24             MR. SHULMAN:  No, Your Honor.
25             THE COURT:  Very well.  Then I will accept

1  the verdict of the jury.  Thank you very much for your
2  service.  You've spent a lot of time.  You've worked
3  extra time.  You've been very attentive in a case that
4  was complicated and complex, and I assure you that I
5  speak on behalf of all the participants in the room that
6  your service is very much appreciated.
7          I would like to come and just personally give you
8  my thanks in a few minutes here.  I've got a couple of
9  loose ends to tie up with the folks here before I do,
10 but it won't be long.
11         On the other hand, if you want to leave, you're
12 free now as soon as you go out the door.  The admonition
13 doesn't apply anymore.  You can get on social media and
14 Tweet your hearts away if you want to.  But I'll be out
15 there in just a few minutes for any of you who can stick
16 around so I can thank you personally.
17         With that, Mr. Rempel, please take charge of the
18 jury.
19              (The jury left the courtroom, after which
20 the following proceedings were had.)
21              THE COURT:  All right.  You may be seated.
22 Just the following points.  As to the court's rulings
23 with regard to enhanced damages and the equitable
24 defenses, I'm going to wait and see what happens as to
25 whether or not the *Comcast* trial goes forward next week.

1    If it goes forward, I probably will not issue my
2    ruling on those subjects until it is over.  I just feel
3    like I don't want to further complicate matters by what
4    I might say one way or another about the evidence in a
5    ruling on those issues if that case is going to go to
6    trial next week.
7         If it isn't going to go to trial next week, then
8    I'll probably proceed to have that ruling out sooner
9    rather than later and we'll worry about any
10   ramifications on another day.
11        I will not have judgment entered therefore, of
12   course, until after I have ruled on those issues.  So
13   the time for filing post-trial motions, as I will
14   calculate, would not run from today, as it might
15   otherwise, but from the date that I make those rulings.
16        Now, of course, you all consult whatever gurus
17   you have on those topics to give you better advice than
18   just the court saying that, but that's my -- that's my
19   intention, that's my perception that post-trial motions
20   would not begin to run from then.
21        Finally, it is normally my practice to allow
22   counsel to visit with the jurors after a trial.  Again,
23   in light of the Comcast situation, I'm not going to
24   permit that today.  I think it wouldn't be fair to allow
25   the Sprint lawyers to go talk to the jurors and Comcast

1  lawyers not have that same opportunity, whatever they
2  might learn from all of this.  And so I'm not going to
3  allow counsel to visit with the jurors afterwards.
4          All right.  Is there anything further we should
5  do in this matter today, Mr. Webb?
6              MR. WEBB:  No, Your Honor.
7              THE COURT:  Mr. Shulman?
8              MR. SHULMAN:  No, Your Honor.
9              THE COURT:  All right.  Again, I meant what
10 I said before, I thank you all for your wonderful
11 lawyering during the course of all of this and it was an
12 opportunity that I very much enjoyed to work with you.
13 And for now we are in recess.
14              (Proceedings adjourned.)
15
16
17                       CERTIFICATE
18     I certify that the foregoing is a correct
19 transcript from the record of proceedings in the
20 above-entitled matter.
21    DATE:  March 3, 2017
22
23              /s/Kimberly R. Greiner
                KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
                United States Court Reporter
24
25