IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATINOS CO., L.P., )
)
                Plaintiff, )
)
v. )   Case No. 11-2686-JWL
)
TIME WARNER CABLE, INC., et al., )
)
                Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's Motion for an Order Enforcing Judgment (Doc. # 504). For the reasons set forth below, the Court concludes that execution on the amended judgment is no longer stayed, and the Court therefore **grants** the motion to that extent.

On March 14, 2017, the Court issued a judgment in favor of plaintiff against defendants in the amount of $139,800,000.00 plus postjudgment interest and costs. Defendants then moved under Rule 62 for an order staying execution on the judgment and approving a proposed bond, and on March 28, 2017, the Court issued such an order in the form proposed by defendants. Plaintiff had notified the Court that it did not oppose the motion, and it had notified defendants that it approved the form of the proposed bond. On May 30, 2017, after awarding prejudgment interest, the Court issued an amended judgment *nunc pro tunc* in favor of plaintiff against defendants in the amount of $145,983,548.00

plus postjudgment interest and costs.[1] Defendants appealed, but the Federal Circuit affirmed the rulings of this Court, issued its judgment on March 18, 2019, and issued its mandate on April 24, 2019. Defendants have sought and received an extension of time from the Supreme Court to file a petition for writ of certiorari to review the decision of the Federal Circuit.

By its present motion, plaintiff essentially seeks leave to pursue execution on the amended judgment. Plaintiff argues that the stay ordered by the Court terminated once the Federal Circuit issued its mandate, and it notes that defendants have not requested a stay of enforcement of the mandate from the Federal Circuit or the Supreme Court under Fed. R. App. P 41(d) or 28 U.S.C. § 2101(f). Defendants argue in response that this Court's original stay order remains in effect pending proceedings in the Supreme Court on defendants' certiorari petition.

Plaintiff does not dispute that the Court's stay order, by its terms, covers the time of an appeal to the Supreme Court. Defendants' motion requested a stay during "the pendency of all appeals," the Court ordered a stay "throughout the pendency of . . . all appeals," and the bond approved by the Court states that it was given to obtain a stay pending resolution of any appeal to the Federal Circuit "and/or the United States Supreme Court." The issue thus becomes whether the Court had the power to stay execution on the judgment after an affirmance and mandate from the Federal Circuit during the pendency of a certiorari petition or appeal to the Supreme Court.

---

[1] Plaintiff does not dispute that the previously-ordered stay also applied to the amended judgment.

The Court begins by noting that 28 U.S.C. § 2101(f) gives it no such power. That statute provides that if a judgment is subject to review of the Supreme Court or writ of certiorari, a stay of the execution and enforcement of such judgment may be granted either by a judge of the court rendering the judgment or by a justice of the Supreme Court. *See id.* The statute elsewhere imposes a deadline for certiorari petitions or appeals to the Supreme Court from the date of the judgment appealed from, *see id.* § 2101(c); thus, the "judgment" referenced in Section 2101(f) would be the Federal Circuit's judgment in this case. Accordingly, a stay under this statute could only be granted by the Federal Circuit or the Supreme Court, and not by this Court. Indeed, courts have consistently ruled that Section 2101(f) does not grant a district court authority to issue a stay pending appeal to the Supreme Court. *See, e.g.*, *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *United States v. Sample*, 2018 WL 6622198, at *2 (D.N.M. Dec. 18, 2018) (citing cases). Defendants do not dispute this interpretation, and they insist that they rely not on Section 2101(f), but rather on Fed. R. Civ. P. 62, which they invoked in first seeking the stay in this Court.

At the time of the Court's initial stay order, Rule 62 provided that a district court could stay execution and enforcement of a judgment pending disposition of certain motions, and that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," with the stay taking effect when the court approves the bond. *See* Fed. R. Civ. P. 62 (b), (d) (2017). Courts in this district and elsewhere have interpreted that rule as allowing a district court to issue a stay only during appeal up to the time of the circuit court's mandate, and not during the pendency of a petition to the Supreme Court for writ

3

of certiorari. *See, e.g.*, *Brinkman v. Department of Corrections of State of Kan.*, 857 F. Supp. 775, 776-77 (D. Kan. 1994); *Ventas, Inc. v. HCP, Inc.*, 2011 WL 3678819, at *1-2 (W.D. Ky. Aug. 22, 2011) (federal courts have reached a consensus in ruling that district courts lack jurisdiction to stay execution of an appellate court judgment); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 567-69 (E.D. Pa. 2011); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990). The Court is persuaded that those courts' interpretation is correct. Rule 62 allows a district court to stay execution of its judgment during an appeal, but once the court of appeals has issued its mandate, that appeal of the district court judgment has concluded. Any subsequent appeal to the Supreme Court is of the judgment of the *court of appeals*, not the judgment of the district court, and Rule 62 does not authorize a district court to stay the appellate court's judgment. Rather, that power has been given to the appellate courts and the Supreme Court in 28 U.S.C. § 2101(f) and Fed. R. App. P. 41(d). As the *Haughey* court stated, "[i]t is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court." *See Haughey*, 794 F. Supp. 2d at 569.

Defendants argue that plaintiff has failed to cite a case involving a district court stay order that applied by its terms to a Supreme Court appeal. The fact that the Court's previous stay order covered an appeal to the Supreme Court is irrelevant, however, as the Court had no power to issue such a stay. The courts in the cited cases concluded that district courts do not have such power, and this Court agrees that its power is so limited.

Defendants have not cited any case in which a court interpreted Rule 62 to authorize a district court to issue such a stay.[2]

> Defendants rely on the present version of Rule 62, which provides as follows:
>
> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security, and remains in effect for the time specified in the bond or other security.

*See* Fed. R. Civ. P. 62(b) (2018). Defendants argue that because their bond specified a duration that included an appeal to the Supreme Court, the rule allows for a stay of that duration. That language concerning the duration of the stay was included in 2018 amendments to the rule, however, and thus was not in effect in 2017 when the Court issued its stay order.[3] Moreover, even under the present version of the rule, this Court still lacks authority to issue a stay beyond the time of the Federal Circuit's mandate. The rule still authorizes a stay of a district court's judgment, but as discussed above, defendants actually seek a stay of the judgment issued by the Federal Circuit in this case. Indeed, with respect to the language concerning the duration of the stay, the comments accompanying the 2018 amendments note that the completion of the appeal occurs when the mandate issues, and further note that the rule "does not supersede the opportunity for a stay under 28 U.S.C. § 21(f) pending review by the Supreme Court on certiorari." *See* Fed. R. Civ. P. 62(b), 2018

---

[2] In arguing that plaintiff should be held to its initial agreement to the requested stay, defendants cite *FHFA v. Nomura Holding America, Inc.*, 2018 WL 3315528 (S.D.N.Y. July 5, 2018). In that case, the bond contemplated a stay during any appeal to the Supreme Court; however, the court did not address the issue of its authority to issue a stay under Rule 62 that would extend beyond the appellate court mandate. *See id.*

[3] Defendants mistakenly stated that the rule was so amended in 2009.

adv. cmtee. notes.  Thus, the 2018 amendment does not grant a district court power to stay the judgment of a higher court.

Finally, defendants argue that plaintiff should be held to its consent to a stay lasting throughout an appeal to the Supreme Court.  The Court is sympathetic, as plaintiff has not explained why it is now choosing not to honor its previous agreement to forgo execution during an appeal to the Supreme Court.[4]  As discussed above, however, the Court simply lacks the power to issue any stay lasting beyond the appellate court mandate, and defendants have not cited any authority suggesting that a party's consent may overcome that lack of authority.

Accordingly, the Court agrees with plaintiff that the previously-issued stay of the execution and enforcement of the amended judgment has now terminated with the Federal Circuit's issuance of its mandate and judgment.  The Court thus orders that the stay is dissolved, and it grants plaintiff's motion to that extent.

IT IS THEREFORE ORDERED BY THE COURT THAT execution on the amended judgment is no longer stayed, and plaintiff's motion for an order enforcing the amended judgment is therefore **granted** to that extent.

---

[4] Plaintiff argues that it did not agree to such a stay, but rather declined to oppose defendants' stay motion; however, plaintiff effectively agreed that plaintiff could obtain the relief it requested in that motion, and it also affirmatively approved the form and language of the proposed bond that referenced a stay lasting through a Supreme Court appeal.

IT IS SO ORDERED.

Dated this 2nd day of August, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
