IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P., )
)
                     Plaintiff, )
)
v. )    Case No. 11-2686-JWL
)
TIME WARNER CABLE, INC., et al., )
)
                     Defendants. )
)
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion by defendants ("TWC"), pursuant to Fed. R. Civ. P. 54(d)(1), for review of the Clerk's taxation of costs in favor of plaintiff ("Sprint") (Doc. # 523). As more fully set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to Sprint's costs for nine depositions taken solely in another case; but the motion is denied with respect to Sprint's costs for the six other challenged depositions that were taken in the instant case. Accordingly, the costs taxed by the Clerk shall be reduced in the amount of $17,918.85, and thus costs shall be taxed in the total amount of $1,040,845.95.

### I. Background

Sprint filed three related patent infringement actions in this Court, against TWC and two other companies, which cases were consolidated for pretrial purposes. Plaintiff filed

a fourth infringement suit, against Cox Communications, Inc. and related entities (collectively "Cox"), which was litigated in federal court in Delaware, and which the parties settled, with each party bearing its own costs. A jury found against TWC and awarded damages to Sprint, and judgment was eventually awarded by this Court in favor of Sprint in the amount of $145,983,548.00. The Federal Circuit affirmed the judgment.

Sprint submitted a bill of costs (with a supporting brief) in the amount of $1,157,002.05. TWC objected to various items, including with respect to costs for "over a dozen" depositions taken in the *Cox* case in Delaware, which TWC did not attend, after discovery had closed in the present case. TWC specifically identified only one such deposition, however. In its reply, Sprint argued that the costs of any such depositions should be taxed, but it withdrew a few other items, and it reduced its request for costs to a total amount of $1,117,783.15. On September 30, 2019, the Clerk taxed costs in favor of Sprint in the amount of $1,058,764.80. The Clerk denied Sprint certain requested costs, including some costs relating to depositions.[1] TWC then filed the instant motion for review. Specifically, TWC objects to the taxation of costs with respect to 15 depositions (referenced by particular invoices submitted by Sprint), on the basis that such depositions were taken in the Delaware case against Cox and involved witnesses that had already been deposed in the present action.

---

[1] The Clerk notified the parties by email of the bases for the rejection of certain costs. Because the Court has referenced that email and the Clerk's mark-up of Table B, the Clerk is instructed to file those two items as exhibits to the bill of costs previously filed.

## II. Governing Standards

Fed. R. Civ. P. 54(d) states that costs should be allowed to the prevailing party. *See id.* The applicable statute provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. *See* 28 U.S.C. § 1920(2). Such costs must be "reasonably necessarily to the litigation of the case." *See In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000)). That determination is based not on hindsight but on the facts and circumstances at the time the cost was incurred. *See id.* The "necessarily obtained" standard, however, "does not allow a prevailing party to recover costs for materials that merely added to the convenience of counsel or the district court." *See id.* at 1247 (internal quotations and citation omitted). The prevailing party bears the burden of establishing the amount of costs to which it is entitled. *See id.* at 1148. Whether materials are necessarily obtained for use in the case present a question of fact for the district court, which possesses broad discretion in awarding costs. *See id.* at 1148-49.

## III. Depositions Taken Also in This Case

TWC challenges costs for 15 depositions. In its response, Sprint notes that six of the depositions (Casner, Gilliam, Hodge, M. Nelson, Patterson, Setter) were taken not only in the Delaware action but also in the present action involving TWC, as demonstrated by the caption on the first page of each transcript. TWC does not dispute that those depositions were also noticed in the present action. Moreover, the transcripts demonstrate that counsel

3

for TWC appeared at four of the depositions, and TWC's counsel asked questions at three depositions. Thus, the premise for TWC's objection does not hold with respect to six of the 15 depositions.

TWC nonetheless argues in its reply brief – albeit without citation to authority – that Sprint should be deemed to have waived this argument (that the six depositions were in fact taken in the present case) because Sprint failed to make that point in conferring with TWC and in briefing the issue to the Clerk. The Court declines to circumvent a decision on the merits in that way, however, as it is not persuaded that the equities entirely favor TWC on this issue. In short, TWC also contributed to any confusion. It is true that after TWC raised the issue, Sprint failed to appreciate that some of the invoices that referred only to the Delaware case were for depositions that also were taken in the Kansas cases; but TWC has not shown that it identified the particular invoices (out of 275 invoices submitted by Sprint for depositions) to which it objected. Then, in its brief to the Clerk, when TWC objected to costs for "over a dozen" depositions taken in the Delaware case, it specifically identified only one such deposition. Thus, Sprint responded only to TWC's general argument that costs should not be taxed for depositions taken only in the Delaware case.

TWC then filed the instant motion, which includes a chart identifying the 15 challenged depositions (with the dates of the depositions, the cost amounts for the transcripts and videos, and the identifying numbers for particular invoices submitted by Sprint). TWC apparently did so, however, without checking to see whether those depositions were also noticed in the present case, and without noticing that its counsel had

attended four of the depositions. This is despite the clue offered by the deposition dates, as the six depositions noticed in this action occurred prior to the end of fact discovery (somewhat contradicting TWC's argument that the depositions generally took place well after discovery had ended). Accordingly, the Court will not penalize Sprint by refusing to consider the actual merits of its claim for costs for these six depositions.[2]

TWC also argues in its reply brief that Sprint has failed to satisfy its burden to show that the transcripts and videos for these six depositions were necessarily obtained for the present litigation. The Court rejects this argument. As it made clear in its motion, TWC did not object generally to such costs for depositions taken in the present case. These six witnesses were identified as persons with relevant information, and there is no suggestion that earlier depositions of the same witnesses made these depositions unnecessary. The Court in its discretion overrules TWC's objection to the Clerk's taxation of costs for these six depositions taken in the present case.

### IV. Depositions Taken Only in the Delaware Case

Sprint does not dispute that the other nine challenged depositions (Ball, Barland, Houh, Kalinoski, Min, T. Nelson, Overy, Rao, Wicker) were taken only in the Delaware case, after the close of fact discovery in the present case, without notice to or participation

---

[2] Although Sprint suggests that its request for costs represents only a small fraction of the amount of the judgment, the $1.1 million requested is still quite significant in an absolute sense, and thus the issues deserve careful attention by the parties and the Court. In that respect, the Court is disappointed by the apparent lack of rigor and scrutiny employed by both sides in addressing this issue.

by TWC[3], of witnesses who had already been deposed in the present case. TWC argues that costs should not be taxed for such depositions.

First, the Court will not disallow the costs solely because the depositions were taken in a different action. The operative statute does not require that the transcripts be for proceedings in the instant case; rather, it requires only that they be "necessarily obtained for use" in the instant case. *See* 28 U.S.C. § 1920(2); *see also Davis v. Williams*, 2010 WL 1955935, at *2 (S.D. Ga. May 13, 2010) (noting that the statute does not require the deposition to have been taken in the case *sub judice*). Although some courts have denied costs for transcripts of proceedings in other cases, those courts merely determined that the transcripts were not necessarily obtained in their particular circumstances. *See, e.g.*, *Ayala v. Rosales*, 2016 WL 2659553, at *7 (N.D. Ill. May 9, 2016) (obtaining transcript was merely convenient, not necessary); *Lockridge v. Per Mar Sec. & Research Corp.*, 2015 WL 1000689, at *1 (D. Minn. Mar. 5, 2015) (allowing costs for depositions in a separate case presents concerns; on the record before it, court could not conclude that the depositions were reasonably necessary for instant litigation); *Thein v. Feather River Comm. Coll.*, 2013 WL 4012637, at *22 (E.D. Cal. Aug. 6, 2013) (party did not show how cases were related); *Coach, Inc. v. Siskiyou Buckle Co.*, 2012 WL 13055491, at *2 (D. Or. Oct. 30, 2012) (party did not explain why court transcripts in other case were necessarily obtained); *Pickett v. Tyson Fresh Meats, Inc.*, 2004 WL 3712721, at *4-5 (M.D. Ala. Aug. 3, 2004) (although obtaining transcript may have been prudent, it was not necessary for proper presentation of

---

[3] The Court does not agree with Sprint that TWC was somehow represented at those depositions by counsel for Cox or the other defendant companies.

the case). TWC has not cited any authority indicating that such costs could never be allowed.

Moreover, some courts have allowed such costs to be taxed, particularly in situations in which the party was merely obtaining a copy of a transcript or the other deposition was used to avoid having to take another deposition. *See Phathong v. Tesco Corp. (US)*, 2012 WL 4668241, at *1 (D. Colo. Oct. 3, 2012) (allowing costs for depositions taken in related action; courts have allowed such costs, and parties had stipulated to the use of the depositions in the instant action, to avoid retaking the depositions); *Blickley v. Ford*, 2011 WL 1376972, at *1 (M.D. Fla. Apr. 12, 2011) (cost of transcribing testimony in other cases was properly taxable as necessarily obtained for use in the case, even if originally intended for use in another case); *Davis*, 2010 WL 1955935, at *2 (Section 1920 does not require that the deposition have been taken in the case *sub judice*; allowing the cost as necessarily obtained for use in the case); *Glenayre Electronics, Inc. v. Jackson*, 2003 WL 21947112, at *2 (N.D. Ill. Aug. 11, 2003) (costs may be recovered even for depositions taken in a different case; costs allowed, as the opposing party was present at the depositions, had the opportunity to examine the deponents, and actually used the depositions at trial), *aff'd*, 95 F. App'x 344 (Fed. Cir. 2004); *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l*, 2002 WL 1969666, at *3 (N.D. Ill. Aug. 26, 2002) (no reason not to award costs for depositions in related cases involving the same parties that were reasonably necessary for use in the instant cases); *EEOC v. Sears, Roebuck & Co.*, 138 F.R.D. 523, 527 (N.D. Ill. 1991) (costs allowed for transcripts of depositions taken in other actions that were necessarily obtained for use in the case); *Surface v. Commerce*

7

*Bank of Hutchinson*, 1990 WL 129218, at *5 (D. Kan. Aug. 17, 1990) (Rogers, J.) (allowing costs for depositions and testimony in other cases involving the same parties and issues; noting that obtaining such transcripts "was entirely proper and probably was less expensive than the taking of new depositions").

Accordingly, the Court will apply the governing standard and determine whether Sprint necessarily incurred these deposition costs for use in the instant case. The Court first rejects Sprint's argument that particular stipulations allowed the depositions to be used in the instant case. Sprint cites to stipulated protective orders entered both in the present case and in the *Cox* case in Delaware. Those orders, however, did not allow for the unrestricted use of depositions taken in other cases; rather, they merely provided that matter designated as confidential could be used in other cases without violating the orders.

Sprint next argues that these nine deponents were also witnesses in the instant case and that the depositions taken in the Delaware case involved the same or similar issues. Sprint argues that TWC was free to use the Delaware deposition testimony to impeach these witnesses at trial, but Sprint has not identified any other way in which the deposition testimony was likely to be used in the instant case. As previously noted, these witnesses had already been deposed in the present action, and discovery in this Court had already closed when the depositions were taken and these costs were incurred. The fact that the depositions were not taken in the other case as a substitute for depositions in the present action distinguishes this case from many of the cases cited above in which courts allowed the costs. Thus, although Sprint may well have wanted these deposition transcripts for possible use in this case, the Court concludes that they were obtained more for convenience

than out of necessity with respect to the case involving TWC. Moreover, as a pure matter of causation, it is likely that the transcripts and video recordings were obtained more for use in the Delaware case than for use in this case. For these reasons, the Court in its discretion declines to award costs to Sprint for expenses incurred for these nine depositions.

Accordingly, the Court will remove the costs allowed by the Clerk for these depositions. The Clerk already disallowed some costs relating to these depositions. Removing the remaining costs means that the award of taxable costs should be reduced in the amount of $17,918.85.[4] The Court therefore awards costs to Sprint in the total amount of $1,040,845.95.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for review of the Clerk's taxation of costs (Doc. # 523) is hereby **granted in part and denied in part**, as set forth herein. Costs shall be taxed against defendants in favor of plaintiff in the total amount of $1,040,845.95.

---

[4] This amount differs from the total of the figures contained in the chart in TWC's motion for these nine depositions. As an example of the lack of rigor noted above, six of the 18 figures (and one of the dates) in the chart for these depositions do not match the figures from the invoices and from the itemized table submitted by Sprint (Table B), discrepancies discovered by the Court after a simple cross-check. The Court has also disallowed two additional items (besides transcript and video costs) submitted by Sprint in its deposition costs that the Clerk originally allowed (Houh, cost of exhibits; Min, appearance fee).

IT IS SO ORDERED.

Dated this 5th day of December, 2019, in Kansas City, Kansas.

<pre>
                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge
</pre>